UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL A. DIXON,                           )
                                            )
              Plaintiff,                    )
                                            )
v.                                          )        Civil No. 2:15-CV-458 JD
                                            )
JOHN BUNCICH, et. al,                       )
                                            )
              Defendants.                   )

## MEMORANDUM OPINION AND ORDER

This is an action against the Sheriff of Lake County, John Buncich ("Buncich"),

individually and in his official capacity, the Lake County Sheriff's Department, and four of its

police officers. Plaintiff Michael Dixon ("Dixon") alleges his Fourth Amendment right was

violated when he was bitten by a police K-9 in December of 2013. Dixon filed a complaint with

this Court for alleged violations under 42 U.S.C. § 1983 in December of 2015. [DE 1]. Buncich,

in his individual and official capacity, as well as Lake County Sheriff's Department, collectively

Defendants, filed a motion to dismiss for failure to state a claim on February 10, 2016, [DE 15],

and a brief in support of the motion. [DE 16]. Dixon did not respond to the motion. For the

following reasons, Defendants' motion is GRANTED.

I.  BACKGROUND

In December of 2013 police were called to residential apartments when Dixon became

involved in an altercation with another individual over the alleged theft of property. Dixon's

claim stems from the police response to this incident, wherein law enforcement deployed a K-9

unit, and Dixon sustained serious bite injuries requiring a ten day hospitalization. Dixon alleges

the use of the K-9 unit in this way violated his rights under 42 U.S.C. § 1983. Dixon further

alleges that there were inadequate policies, procedures, customs, and practices in place to protect against the alleged improper use of the K-9 unit, as well as minimal or sub-standard officer training.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, if well-pleaded factual allegations are present in the

complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (internal citations omitted). A plaintiff's claim, however, need only be plausible, not probable. *Indep. Trust Corp.*, 665 F.3d at 934 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must supply "enough facts to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Factual allegations, however, "that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

### III. ANALYSIS

Before this Court is a motion to dismiss Buncich in his individual capacity as he was not directly involved in the alleged constitutional violation. [DE 16 p. 3]. Buncich also moves to dismiss himself in his official capacity from this case, as naming Buncich in his official capacity is duplicitous where the Lake County Indiana Sheriff's Department is also named as a defendant.

[*Id*. at 5]. Finally Defendants move to dismiss Counts I and III of Dixon's complaint for failure to state a claim. [*Id*. at 6-10].

A. *Buncich must be dismissed in his individual capacity*

Dixon asserts claims against Buncich in his individual capacity for inadequate policies, procedures, practices, and customs with use of a K-9 unit, and inadequate supervision and training of K-9 officers. [DE 1]. The claims against Buncich in his individual capacity can be disposed of easily though, as Dixon offers no evidence or even argument that Buncich was in any way personally involved in the alleged constitutional violation.

Section "1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim," so "individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Palmer v. Marion Cnty*., 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and alterations omitted); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) ("It is well-established that a plaintiff only may bring a § 1983 claim against those individuals personally responsible for the constitutional deprivation."). This also means that "'§ 1983 does not allow actions against individuals merely for their supervisory role of others.'" *Palmer*, 327 F.3d at 594 (quoting *Zimmerman v. Trible*, 226 F.3d 568, 574 (7th Cir. 2000)). "[T]o establish a claim against a supervisory official, there must be a showing that the official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986).

Here, there is no indication that Buncich was in any way personally involved with the deployment of the K-9 unit that injured Dixon. Dixon attempts to hold Buncich personally liable

for his supervisory role in implementing policies, procedures, customs and practices. This is improper. *Palmer*, 327 F.3d at 594. As such, Buncich is DISMISSED in his individual capacity.

B.  *Buncich must be dismissed in his official capacity*

Dixon further asserts his claims against Buncich in his official capacity as the Sheriff of Lake County, while also naming the Lake County Sheriff's Department as a defendant in this case. [DE 1]. Defendants argue this is duplicitous. [DE 16 p. 5]. This Court agrees.

Claims under § 1983 against government employees in their official capacities are equivalent to claims against their employer, and are subject to the Supreme Court's holding in *Monell* that "'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "Unless there is an unconstitutional policy, there cannot be official-capacity liability; only individual-capacity liability is possible." *Id.* In order to establish an official policy, a plaintiff must provide evidence of an express policy that causes a constitutional deprivation when enforced; of a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or that the constitutional injury was caused by a person with final policymaking authority. *Id.* "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159 (1985).

Dixon has named the Lake County Sheriff's Department and Buncich in his official capacity. In the instant case the naming of both entities is duplicitous, where Dixon does not allege with any specificity an express policy, widespread practice, or that Buncich had final policymaking authority and caused the injury. *Estate of Sims ex rel. Sims*, 506 F.3d at 514. Dixon only alleges that Buncich had the responsibility to implement appropriate policies, procedures,

customs and practices and failed to do so. [DE 1 p. 5]. Dixon's allegations are not evidence of an express policy but rather "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As such these mere conclusions are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678-79. The suit against Buncich in his official capacity is in reality a suit against the Lake County Sheriff's Department, who is already a named defendant in this action. Accordingly, Buncich in his official capacity is DISMISSED from this claim.

C. *Counts I and III must be dismissed*

Defendants next argue Counts I and III of Dixon's complaint should be dismissed for failure to state a claim. Count I of Dixon's complaint broadly alleges a § 1983 violation for deprivation of Dixon's rights under the Fourth Amendment, where defendants "acted under the color of state law." [DE 1 p. 4]. Count III alleges a § 1983 violation for inadequate policies, procedures, customs, or practices with regard to K-9 search and seizures, and minimal or substandard training of K-9 officers. [DE 1 p. 5]. Defendants move to dismisses Count I as it does not establish a *Monell* claim. [DE 16 p. 6-7]. Defendants move to dismiss Count III as it is insufficiently plead. [DE 16 p. 7-10]. Dixon did not respond to either argument.

There is no such thing as vicarious liability under section 1983, as it does not impose liability on a municipality "*solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Thus, to proceed with an action against a municipality based on a constitutional violation committed by its agents, a plaintiff must plead:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (internal quotations omitted);

*Johnson v. Cook Cnty.*, 526 F. App'x 692 (7th Cir. 2013). Thus, to survive a motion to dismiss, a

plaintiff must "plead factual content that allows the court to draw the reasonable inference that

the City maintained a policy, custom, or practice" that was the moving force behind the

constitutional violations. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)

(internal citation omitted).

As with any pleading, though, merely pleading "'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555). The Seventh Circuit has summarized the analysis of a motion to

dismiss as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts
> must accept a plaintiff's factual allegations as true, but some factual allegations will
> be so sketchy or implausible that they fail to provide sufficient notice to defendants
> of the plaintiff's claim. Third, in considering the plaintiff's factual allegations,
> courts should not accept as adequate abstract recitations of the elements of a cause
> of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Accordingly, the central principles of this

analysis are that only facts, not legal conclusions, receive a presumption of truth, and that those

facts must provide enough detail to provide notice of the claim and its bases and to show that the

claim is plausible, not merely speculative. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555;

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168

(1993) (holding that while no heightened pleading standard applies to *Monell* claims, the

complaint must still "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests").

Dixon's *Monell* claims falls short of this standard. Turning first to Count I, Dixon pleads:

> "The defendants acted under the color of state law to deprive [Dixon] of his rights under
> the Fourth Amendment to the United States Constitution including his right to be free of

unreasonable searches and seizures including but not limited to the unreasonable and excessive use of K-9 force against him." [DE 1 p. 4].

This allegation, alone, does not sufficiently plead a *Monell* claim. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (internal quotations omitted); *Johnson v. Cook Cnty.*, 526 F. App'x 692 (7th Cir. 2013). Dixon's claim merely alleges his Fourth Amendment right was violated by Defendants who "acted under the color of state law." Dixon's claim does not allege an express policy or widespread practice, nor does Dixon plead specific facts that indicate the alleged constitutional injury was caused by a person with final policymaking authority. *Id.* That Defendants acted "under the color of state law," without more, is insufficient to establish a *Monell* claim. Accordingly, Count I must be DISMISSED for failure to state a claim.

Count III alleges a *Monell* claim based on inadequate policies, procedures, customs or practice for K-9 units, as well as minimal or sub-standard training for K-9 officers. [DE 1]. Specifically Dixon alleges 1) Buncich was charged with the responsibility of implementing appropriate policies, procedures, customs and practices; 2) the K-9 Officer's use of the dog against Dixon reflected minimal or sub-standard training; and 3) if appropriate policies, procedures, customs and practices had been in place the K-9 unit would not have allegedly attacked Dixon. [*Id.*] These allegations are made up of bare legal conclusions. To survive a motion to dismiss, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice" that was the moving force behind the constitutional violations. *McCauley*, 671 F.3d at 616 (internal citation omitted). Providing Dixon's factual allegations with a presumption of truth, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, Dixon pleads 1) there was no violence in the altercation that predicated law enforcement's involvement; 2) Dixon exercised no violence or threat of violence towards law enforcement during the entire encounter with law enforcement; 3) Dixon complied

with law enforcement's orders to get to the ground; 4) law enforcement then deployed the K-9 unit, and allegedly allowed the K-9 unit to attack Dixon for 3-4 minutes before calling the K-9 unit off of Dixon; and 5) Dixon suffered injury as a result of the K-9 unit response. [DE 1 p. 3]. Dixon's pleading of fact does not show an express policy or widespread practice. Dixon merely alleges the events of a single night, which does not allow the Court to make a reasonable inference that the Lake County Sheriff's Department maintained a policy, custom or practice that was the moving force behind the constitutional violations. *McCauley*, 671 F.3d at 616.

## IV. CONCLUSION

For the reasons stated, Defendants' motion to dismiss [DE 15] is GRANTED. Buncich is DISMISSED from this case in his individual as well as official capacity. Counts I and III are DISMISSED WITHOUT PREJUDICE. Count II remains viable.  The Defendants' motion for entry of dismissal [DE 19] is DENIED AS MOOT.

SO ORDERED.

ENTERED:  May 9, 2016

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court